**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKHAIL G. PECHENKOV,<br>*Petitioner*,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney<br>General,<br>*Respondent*. | No. 08-73287<br><br>Agency No.<br>A072-142-992<br><br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 17, 2012–San Francisco, California

Filed December 3, 2012

Before: Mary M. Schroeder, Diarmuid F. O'Scannlain,
and Susan P. Graber, Circuit Judges.

Opinion by Judge Graber;
Concurrence by Judge Graber

# SUMMARY[*]

## Immigration

The panel dismissed in part and denied in part Mikhail G. Pechenkov's petition for review of the Board of Immigration Appeals' denial of withholding of removal and adjustment of status.

The panel held that it lacked jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C) over Pechenkov's challenge to the discretionary determination finding him ineligible for withholding because the crime underlying his removability was a "particularly serious crime." The panel upheld the revocation of Pechenkov's asylee status pursuant to 8 C.F.R. § 208.24(a)(2), also due to his conviction, and denied Pechenkov's constitutional challenge to the provisions precluding adjustment of status after his asylee status was revoked.

Judge Graber, concurring, agreed that in this case the court lacks jurisdiction to review the BIA's "particularly serious crime" determination, but wrote separately to urge the court to consider revisiting, in an appropriate case, what she believes is an erroneous reading of § 1252(a)(2)(C). Judge Graber wrote that this court alone has created an "on-the-merits" exception, allowing review of a merits-based denial of relief, as opposed to a denial based on ineligibility due to a criminal conviction. She would rather simply inquire as to whether an alien is charged with removability because

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of a relevant crime and whether the IJ correctly sustained the charge, and find that if so, the court lacks jurisdiction over questions not covered by § 1252(a)(2)(D).

## COUNSEL

Frank P. Sprouls, Law Office of Ricci & Sprouls, San Francisco, California, for Petitioner.

Lance Lomond Jolley, Trial Attorney, and Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Mikhail G. Pechenkov seeks review of a decision of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") denial of his application for withholding of removal. Petitioner argues that the BIA abused its discretion in ruling that he was ineligible for withholding of removal because he had been convicted of a "particularly serious crime" within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii). Petitioner also raises a constitutional challenge to the legal provisions precluding adjustment of his immigration status. He argues that he is eligible for adjustment of status because his asylee status was revoked improperly, under a regulation that purportedly contradicts relevant statutory authority. We dismiss, for lack of jurisdiction, Petitioner's challenge to the

"particularly serious crime" determination, and we deny his petition with regard to the application to adjust status.

Petitioner, a native and citizen of Russia, was admitted to the United States in 1992. He filed an application for asylum, which was granted. After he obtained asylee status, Petitioner was convicted of felony assault with a deadly weapon or force likely to produce great bodily injury, in violation of California Penal Code section 245(a)(1) (1993); his penalty included a suspended sentence of three years, felony probation for three years, 248 days in jail, and restitution.

After his conviction, Petitioner filed an application, pursuant to 8 U.S.C. § 1159(b), to adjust his status to that of a lawful permanent resident. That application was denied because, under 8 U.S.C. § 1182(a)(2)(A)(i)(I), conviction of a crime involving "moral turpitude" renders an alien inadmissible. In denying the application, the immigration authority[1] also expressly determined that Petitioner was not entitled to a waiver under 8 U.S.C. § 1159(c), which allows waiver of certain bars to admissibility "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest."

Petitioner's asylee status was later revoked pursuant to 8 C.F.R. § 208.24(a), because he was no longer eligible for

---

[1] We use the term "immigration authority" to avoid confusion arising from the federal government's reorganization of immigration agencies during the pendency of this case. *See generally United States v. Juvenile Female*, 566 F.3d 943, 949 (9th Cir. 2009) (describing the "dissolution of the Immigration and Naturalization Service ('INS'), and the creation of the Department of Homeland Security ('DHS')").

asylum after his conviction. Soon after revoking Petitioner's asylee status, the immigration authority commenced removal proceedings against him. The Notice to Appear alleged that Petitioner had, after being admitted as a crewman, remained in the United States longer than permitted, making him removable under 8 U.S.C. § 1227(a)(1)(B).

Petitioner then applied for withholding of removal, relief that is one of the two subjects of this petition for review.[2] In 2000, Petitioner filed a new application to adjust his status, including an application for waiver of inadmissibility. That application is the other subject of this petition.

At a hearing in early 1999, Petitioner admitted the factual allegations in his Notice to Appear and conceded his removability. In 2005, the government added an additional basis of removability, arguing that Petitioner's conviction was for an aggravated felony, making him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner contested the additional basis of removability, but the IJ sustained the charge, finding expressly that Petitioner's conviction qualified as an aggravated felony.

In addressing Petitioner's withholding of removal application, the IJ noted that 8 U.S.C. § 1231(b)(3), which provides for withholding of removal, does not apply to an alien who, "having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community."[3]

---

[2] Petitioner also applied for asylum and protection under the Convention Against Torture, but he no longer seeks those forms of relief here.

[3] For the purposes of withholding of removal, 8 U.S.C. § 1231(b)(3)(B)(iv) states that

After considering and weighing several factors, the IJ determined that Petitioner's crime qualified as a "particularly serious crime" and that Petitioner was a danger to the community. For that reason, the IJ denied withholding of removal.

Regarding the adjustment of status application, the government argued that Petitioner was ineligible to apply for such relief after his asylee status had been revoked. In response, Petitioner filed a short brief that the IJ construed as conceding ineligibility for adjustment of status. Nevertheless, Petitioner continued to argue that the revocation of his asylee status was constitutionally defective. Regarding that argument, the IJ's final decision notes a lack of "jurisdiction to review the termination of the [Petitioner's] asylum status."

Petitioner appealed to the BIA, which adopted the IJ's opinion. Petitioner's brief to the BIA did not challenge the aggravated felony finding or that ground of removability.

In adopting the IJ's opinion, the BIA reiterated that Petitioner was ineligible for withholding of removal because he had been convicted of a particularly serious crime. With respect to the application to adjust status, the BIA noted that it lacked jurisdiction to consider Petitioner's constitutional

---

an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

arguments regarding the revocation of his asylee status. Petitioner timely seeks review, challenging (1) the BIA's evaluation of the factors supporting the "particularly serious crime" finding that precluded withholding and (2) the constitutionality of the regulation under which his asylee status was revoked. Petitioner does not dispute that he is removable for having been convicted of an aggravated felony.

At the outset, the government asserts that we lack jurisdiction over this petition, citing the jurisdiction-stripping provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 306, 110 Stat. 3009-546, 3009-607. Specifically, 8 U.S.C. § 1252(a)(2)(C) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [among other crimes, an *aggravated felony*].

(Emphasis added.) But subparagraph (D) of that same statute provides:

> Nothing in subparagraph . . . (C) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Subparagraph (D), added by the REAL ID Act of 2005, restored our jurisdiction over "constitutional claims or questions of law," even in cases involving aggravated felons.[4] *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) (internal quotation marks omitted). We have described the cumulative effect of those two statutes as follows:

> With respect to asylum, withholding of removal, and CAT claims of a petitioner who was convicted of an offense covered by § 1252(a)(2)(C), we have jurisdiction to review the denial of an asylum application and to review the denial of withholding of removal and CAT relief when a petitioner raises questions of law, including mixed questions of law and fact, or constitutional claims. *Morales v. Gonzales*, 478 F.3d 972, 978–80 (9th Cir. 2007)[, *abrogated on other grounds by Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010)]. Moreover, as to "factual issues, when an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions . . . apply to divest this court of jurisdiction." *Id.* at 980;

---

[4] The REAL ID Act was enacted May 11, 2005, but the jurisdiction-restoring provision applies to cases, such as this one, "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division." REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231, 311; *accord Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (order).

> *see also Arteaga v. Mukasey*, 511 F.3d 940,
> 942 n.1 (9th Cir. 2007).

*Brezilien v. Holder*, 569 F.3d 403, 410 (9th Cir. 2009) (ellipsis in original).

That is, § 1252(a)(2)(C)'s jurisdictional bar is subject to two exceptions. The first exception in the quoted text—relating to questions of law or constitutional claims—is an application of § 1252(a)(2)(D). *See Morales*, 478 F.3d at 978. The second exception applies only when, as stated above, an IJ denies relief *on the merits*, for failure to demonstrate the requisite factual grounds for relief, rather than in reliance on the conviction. *See Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008) ("If an IJ determines that an aggravated felony constitutes a 'particularly serious crime,' and denies withholding of removal under the CAT on the basis of the conviction, § 1252(a)(2)(C) bars our review of the denial of withholding." (citing *Unuakhaulu v. Gonzales*, 416 F.3d 931, 937 (9th Cir. 2005))).

As noted, Petitioner does not challenge that he is removable for having committed an aggravated felony, nor did he raise such a challenge before the BIA. Thus, unless an exception applies, we lack jurisdiction to review the denial of withholding. No exception applies in this case. Recently, we decided that a "particularly serious crime" determination is inherently discretionary and is to be reviewed under the abuse-of-discretion standard. *Arbid v. Holder*, No. 09-73211, 2012 WL 5458045, *2–3 (9th Cir. Nov. 9, 2012) (per curiam). Thus, under *Arbid*, § 1252(a)(2)(D) cannot restore jurisdiction to review a "particularly serious crime" determination where, as here, the only challenge to that

determination is that it incorrectly assessed the facts. Petitioner has not raised a constitutional or legal question in relation to the "particularly serious crime" determination; instead, he asks for a re-weighing of the factors involved in that discretionary determination. Petitioner's opening brief supports this characterization of his petition by framing the issue this way: "The IJ and the BIA *abused their discretion* in the 'particularly serious crime' analysis." (Emphasis added.)

The second exception does not apply because the IJ in Petitioner's case did not address the merits of his withholding claim. Instead, the IJ found Petitioner statutorily ineligible for that relief because the crime underlying his removability was particularly serious. Accordingly, we lack jurisdiction to review the "particularly serious crime" determination.

By contrast, we do have jurisdiction over Petitioner's constitutional arguments regarding his application to adjust status and the revocation of his asylee status. Those arguments raise constitutional claims and questions of law, and so fall squarely within the ambit of § 1252(a)(2)(D). "We review de novo the BIA's conclusions on questions of law . . . ." *Fregozo v. Holder*, 576 F.3d 1030, 1034 (9th Cir. 2009).

Petitioner concedes that his asylee status was revoked pursuant to 8 C.F.R. § 208.24(a)(2), but argues that the regulation is constitutionally defective for usurping or misconstruing congressional authority. We disagree. That regulation simply states that the immigration authority "may terminate a grant of asylum" when "one or more of the conditions described in [8 U.S.C. § 1158(c)(2)] exist." Thus, the challenged regulation, by its very terms, simply refers to

and incorporates the relevant statutory authority. Moreover, the statute, § 1158(c)(2), explicitly allows termination of asylum; in fact, the paragraph is titled "Termination of asylum." *See Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) ("[S]tatutory titles and section headings are tools available for the resolution of a doubt about the meaning of a statute." (internal quotation marks omitted)). Petitioner does not and cannot dispute that his conviction created one of the *statutory* conditions for revocation of asylee status. Specifically, § 1158(c)(2)(A) and (B) allow termination of asylum if the alien is no longer eligible for asylum under § 1158(b), and § 1158(b)(2)(A)(ii) and (B)(i) operate to deny asylum eligibility to an individual who has been convicted of an aggravated felony. Accordingly, it is beyond dispute that revocation of Petitioner's asylee status was consistent with congressional intent.

Petition **DISMISSED** in part and **DENIED** in part.

GRABER, Circuit Judge, concurring.

I agree that we lack jurisdiction to review the BIA's "particularly serious crime" determination in this case. But I write separately to express my disagreement with our court's interpretation of 8 U.S.C. § 1252(a)(2)(C).

That statute provides: "no court shall have jurisdiction to review any final order of removal against *an alien who is removable by reason of having committed*" certain criminal

offenses, including aggravated felonies.[1]  (Emphasis added.)
In my view, once we are satisfied that a given alien has been
found "removable by reason of" conviction of a crime
covered by § 1252(a)(2)(C), we lack jurisdiction to conduct
further review of the "final order of removal," whether
relating to asylum, withholding of removal, or CAT relief.  In
such cases, we have jurisdiction only over constitutional
claims or questions of law, pursuant to § 1252(a)(2)(D).  At
least four of our sister circuits have adopted this textually
based view of § 1252(a)(2)(C)'s jurisdiction-stripping
provision.  *See, e.g., Constanza v. Holder*, 647 F.3d 749,
753–54 (8th Cir. 2011) (per curiam); *Saintha v. Mukasey*,
516 F.3d 243, 249–51 (4th Cir. 2008); *Conteh v. Gonzales*,
461 F.3d 45, 62–63 (1st Cir. 2006); *Alaka v. Att'y Gen. of
U.S.*, 456 F.3d 88, 102 & n.24 (3d Cir. 2006).

Unfortunately, we have created an additional, sometimes
confusing, exception—what I will call the "on-the-merits"
exception—that allows us to review more generally an on-
the-merits denial of relief than when denial is predicated on
ineligibility because of a criminal conviction.  That exception

---

[1] In its entirety, 8 U.S.C. § 1252(a)(2)(C) states:

> Notwithstanding any other provision of law (statutory or
> nonstatutory), including section 2241 of Title 28, or any other
> habeas corpus provision, and sections 1361 and 1651 of such
> title, and except as provided in subparagraph (D), no court shall
> have jurisdiction to review any final order of removal against an
> alien who is removable by reason of having committed a
> criminal offense covered in section 1182(a)(2) or
> 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense
> covered by section 1227(a)(2)(A)(ii) of this title for which both
> predicate offenses are, without regard to their date of
> commission, otherwise covered by section 1227(a)(2)(A)(i) of
> this title.

appears limited to the Ninth Circuit and, in my view, interprets § 1252(a)(2)(C) incorrectly. Because the exception clearly does not apply to Petitioner, it ultimately is of no consequence to the outcome here. Nevertheless, I provide the following discussion in the hope that we may revisit our precedents in the future, in a case in which the exception affects the outcome.

The "on-the-merits" exception rests on the "by reason of having committed a criminal offense" portion of § 1252(a)(2)(C). In *Unuakhaulu v. Gonzales*, 416 F.3d 931, 936 (9th Cir. 2005), we stated: "*Alvarez-Santos [v. INS*, 332 F.3d 1245, 1247 (9th Cir. 2003),] holds that the 'by reason of' language of § 1252(a)(2)(C) 'strips [this court] only of jurisdiction to review orders of removal predicated on commission or admission of a crime, not orders of removal not so predicated.'" In *Alvarez-Santos*, the alien was charged as removable on two independent grounds, only one of which was criminal and covered by § 1252(a)(2)(C). 332 F.3d at 1248. In that case, the IJ explicitly found that the alien had *not* been convicted of a crime and so rejected that ground of removability. *Id.* at 1249. That is, § 1252(a)(2)(C), by its own terms, did not apply at all. In the circumstances, *Alvarez-Santos* cannot be said to have created an "exception" to that statute's applicability.

In *Unuakhaulu*, we took *Alvarez-Santos* a step further. The alien in that case, like the one in *Alvarez-Santos*, was charged as removable on two independent grounds, only one of which was criminal and covered by § 1252(a)(2)(C). *Unuakhaulu*, 416 F.3d at 933. But unlike in *Alvarez-Santos*, the IJ in *Unuakhaulu* sustained *both* grounds of removability. *Id*. Nevertheless, the IJ determined that the criminal offense underlying removability was not a "particularly serious

crime," so the alien was not barred from eligibility for withholding of removal or CAT relief. *Id.* at 933–34; *see also* 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal not available to alien who, "having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States"). Accordingly, the IJ considered the merits of those claims before denying relief. *Unuakhaulu* 416 F.3d at 934. On review, we reasoned that, because the IJ did not "explicitly" specify which ground of removability supported the order of removal, and because the denial of withholding and CAT relief was "on the merits" rather than premised on ineligibility due to the criminal conviction, § 1252(a)(2)(C) did not apply to strip jurisdiction. *Id.* at 936–37. Thus, in *Unuakhaulu*, we created an exception whereby an alien who is removable because of a § 1252(a)(2)(C) crime may still seek review in this court of fact-based questions that are not covered by § 1252(a)(2)(D).

We further explained that exception in *Morales v. Gonzales*, 478 F.3d 972, 978–80 (9th Cir. 2007), *abrogated on other grounds by Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010), *and in Arteaga v. Mukasey*, 511 F.3d 940, 942 n.1 (9th Cir. 2007). Although those cases go no farther than did *Unuakhaulu*, they contain statements that could be read to suggest an even broader rule. In *Morales*, we reiterated, correctly, that § 1252(a)(2)(D) restores jurisdiction over questions of law and constitutional claims. 478 F.3d at 978 ("Although we lack jurisdiction to review the IJ's finding that [an alien] was removable, we have jurisdiction . . . to review the IJ's denial of [the alien]'s application for withholding of removal *to the extent that [the alien] raises questions of law, including mixed questions of law and fact, or constitutional claims*." (emphasis added) (citing 8 U.S.C. § 1252(a)(2)(D)). We had jurisdiction over

the withholding claim in *Morales* because that claim presented "a question of law over which this court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D)." *Id.* at 980. We had jurisdiction over the CAT claim both because that claim involved a legal question, *id.* (discussing "proper legal standard for CAT relief"), and because the facts of that case were similar to those in *Unuakhaulu, id.* ("[W]hen an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions apply to divest this court of jurisdiction." (citations omitted)).

*Arteaga*, on first read, seems to be broader, stating in a footnote:

> The government's argument that we lack jurisdiction to review the BIA's rulings on the issues of withholding and CAT relief has been heard and rejected by this court. *See Morales v. Gonzales*, 478 F.3d 972, 980 (9th Cir. 2007) (noting that the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C) apply to removal orders, and not to applications for asylum, withholding of removal, or CAT relief); *id.* ("[A]s to our resolution of factual issues, when an IJ . . . denies [CAT] relief on the merits, none of the jurisdiction-stripping provisions apply[.]").

511 F.3d at 942 n.1 (alterations in original). But the text associated with that footnote claims jurisdiction under § 1252(a)(2)(D), and the facts of that case involved an *on-the-merits* denial of withholding and CAT relief. *Id.* at 943–44. Thus, *Arteaga* is no broader than *Morales*.

In my view, *Unuakhaulu* and its progeny misread § 1252(a)(2)(C)'s "by reason of" phrase as applying to the *order of removal*, limiting the jurisdictional bar to cases in which the relevant conviction is the final reason for that order. But § 1252(a)(2)(C) applies to any order of removal "against an alien who is *removable* by reason of having committed" a relevant crime. (Emphasis added.) Thus, the only relevant question is whether an IJ has made a finding of *removability* because of a relevant conviction. Under my reading, then, the applicability of § 1252(a)(2)(C) is a straightforward inquiry: Was the alien charged with removability because of a relevant crime, and did the IJ correctly sustain that charge? If so, we lack jurisdiction over all questions not covered by § 1252(a)(2)(D).

For these reasons, I urge the court to consider revisiting, in an appropriate case, our mistaken reading of § 1252(a)(2)(C). We have strayed from the statute and, in the process, seemingly created a circuit split.