MEMORANDUM **
Petitioner Victor Sandoval-Arreguin petitions for review of the Board of Immigration Appeals’ (“BIA”) decision denying his applications for cancellation of removal, asylum, and withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.
The parties dispute whether we have jurisdiction to review Sandoval-Arreguin’s challenges to the BIA’s denial of cancellation of removal and its determination that his conviction for transportation of methamphetamine, in violation of California Health & Safety Code § 11379(a), was a “particularly serious crime.” See Ridore v. Holder, 696 F.3d 907, 911 (9th Cir. 2012) (stating that this court typically lacks jurisdiction to review the BIA’s finding that a case does not warrant a discretionary grant of cancellation of removal, but it retains jurisdiction over constitutional claims and questions of law (citing 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D)); Pechenkov v. Holder, 705 F.3d 444, 447-48 (9th Cir. 2012) (stating that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not bar constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D)).
However, assuming we have jurisdiction, Sandoval-Arreguin’s petition fails on the merits. The BIA did not abuse its discretion in determining that Sandoval-Arre-guin did not warrant cancellation of removal because the serious and dangerous nature of his drug conviction outweighed the factors in Sandoval-Arreguin’s favor, such as his family ties within the United States, his residence in this country starting at a young age, and the hardships to Sandoval-Arreguin and his family. See Ridore, 696 F.3d at 920 & n.5 (discussing considerations for cancellation of removal).
The BIA also did not abuse its discretion in determining that Sandoval-Arreguin’s drug conviction was a “particularly serious crime” based on the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction. See Arbid v. Holder, 700 F.3d 379, 384-85 (9th Cir. 2012) (per curiam) (setting forth standard of review and factors for consideration).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.