WALLACE, J.,
dissenting:
It is well settled by our court that we lack jurisdiction to review the agency’s discretionary denial of an application for cancellation of removal. See Vilchez v. Holder, 682 F.3d 1195, 1200-02 (9th Cir. 2012). Sandoval-Arreguin raised no color-able constitutional claims or questions of law pertaining to the agency’s discretionary hardship determination, and I would dismiss this claim for lack of jurisdiction. 8 U.S.C. § 1252(a)(2)(D).
Sandoval-Arreguin conceded removability under 8 U.S.C. § 1227(a)(2)(B)(i) and has not raised any colorable constitutional claims or legal questions in relation to the Board’s particularly serious crime determination. While our court is not barred from reviewing the agency’s particularly serious crime determinations, it cannot reweigh the evidence to determine whether the crime was particularly serious. See Pe *658 chenkov v. Holder, 705 F.3d 444, 448-49 (9th Cir. 2012). A particularly serious crime determination “is inherently discretionary where ... the only challenge to that determination is that it incorrectly assessed the facts.” Id. at 448. See also 8 U.S.C. § 1252(a)(2)(C). I would dismiss the claims for asylum, withholding of removal, and CAT relief for lack of jurisdiction.