**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARGARITA TREJO-MEJIA,
                          *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,

                          *Respondent.*

No. 05-76728

Agency No.
A029-577-836

ORDER

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 9, 2009—San Francisco, California

Filed January 21, 2010

Before: Robert E. Cowen,* Susan P. Graber, and
Jay S. Bybee, Circuit Judges.

---

**COUNSEL**

Christopher J. Stender and Deniz S. Arik, Stender & Pope, PC, San Diego, California, for the petitioner.

Nancy E. Friedman, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

---

*The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

**ORDER**

Petitioner Margarita Trejo-Mejia petitions for review from the Board of Immigration Appeals' ("BIA") denial of her motion to reopen. For the reasons that follow, we transfer this case to the United States Court of Appeals for the Fifth Circuit.

Petitioner is a 56-year-old native and citizen of El Salvador. In 1988, she entered the United States near Brownsville, Texas, and the government issued her an order to show cause. Petitioner failed to appear at her hearing one month later, and an immigration judge in Harlingen, Texas, issued an order of deportation. Petitioner never appealed that decision.

In 1998, Petitioner filed a motion to reopen her proceedings under section 203(c) of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160, 2198-99 (1997), with the immigration court in Harlingen, Texas. In 2005, an immigration judge denied the motion to reopen and, that same year, the BIA affirmed.[1] Those proceedings, too, took place in Harlingen, Texas.

Petitioner timely filed a petition for review in this court on November 25, 2005. The government filed a motion to dismiss or, in the alternative, to transfer this case to the Fifth Circuit. A motions panel of this court denied the motion to dismiss but ordered the parties to analyze the transfer issue in their briefs on the merits. At all times, the government has argued that venue does not lie here and that this court must transfer the case to the Fifth Circuit.

The government is correct that venue does not lie in this court: "The petition for review shall be filed with the court of appeals for the judicial circuit *in which the immigration judge*

---

[1]Because venue does not lie in this court, we do not discuss the bases for the BIA's denial.

*completed the proceedings*.” 8 U.S.C. § 1252(b)(2) (emphasis added). Petitioner does not dispute that the immigration judge completed the proceedings in Texas (and thus within the Fifth Circuit). Petitioner argues, instead, that the quoted text above does not apply because her final order of removal was issued in 1988—before the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, and before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”). She argues that the important date for purposes of venue is the date of her final order of removal. Petitioner cites our cases pre-dating the enactment of the REAL ID Act, in which we held that the date of the final order of removal indeed played a role in determining the proper venue. *Kalaw v. INS*, 133 F.3d 1147, 1149-50 (9th Cir. 1997); *see also* 8 U.S.C. § 1105a(a)(2) (1995) (“[T]he venue of any petition for review under this section shall be in the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted in whole or in part, or in the judicial circuit wherein is the residence . . . of the petitioner . . . .”).

But Petitioner filed her petition for review *after* the enactment of the REAL ID Act. Title 8 U.S.C. § 1252(a)(5), which was added by the REAL ID Act, provides that a petition for review “shall be the sole and exclusive means for judicial review of an order of removal.” Such a petition must be filed “in accordance with *this section*,” *id.* (emphasis added), which includes the venue provision in § 1252(b)(2). Moreover, the REAL ID Act expressly states that its amendments— including § 1252(a)(5)—“shall take effect upon the date of the enactment of this division [May 11, 2005] and *shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division*.” REAL ID Act § 106(b) (emphasis added). We therefore hold that venue properly lies in “the judicial circuit in which the immigration judge completed the proceedings,” 8 U.S.C. § 1252(b)(2), which is the Fifth Circuit, not this circuit.

The government argues that we should transfer this case pursuant to 28 U.S.C. § 1631. "A case is 'transferable' [pursuant to § 1631] when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008) (internal quotation marks omitted).

All three requirements are met here. First, the parties have not identified any reason—and we see none—why the Fifth Circuit could not exercise its jurisdiction over this petition for review. Second, we lack jurisdiction for purposes of the transfer statute because venue does not lie.[2] *See Rodriguez-Roman v. INS*, 98 F.3d 416, 424 (9th Cir. 1996) ("[F]or purposes of the transfer statute [28 U.S.C. § 1631], a court lacks jurisdiction if venue does not lie."). Finally, we hold that transfer would serve the interest of justice. *See id.* (discussing this factor in the context of an alien's petition for review filed in the wrong circuit court).

Accordingly, the Clerk is directed to transfer the petition for review to the United States Court of Appeals for the Fifth Circuit. The stay of removal, which was considered and granted in an order dated May 26, 2006, remains in effect pending further consideration by the Fifth Circuit. Upon transfer of the petition, the Clerk shall close this case.

---

[2]We therefore need not decide, and do not decide, whether 8 U.S.C. § 1252(b)(2) is purely a venue statute or whether it also affects our subject matter jurisdiction. *See Moreno-Bravo v. Gonzales*, 463 F.3d 253, 258-62 (2d Cir. 2006) (holding that § 1252(b)(2) is a pure venue provision and does not destroy subject matter jurisdiction); *Nwaokolo v. INS*, 314 F.3d 303, 306 n.2 (7th Cir. 2002 (per curiam) (same); *see also Jama v. Gonzales*, 431 F.3d 230, 233 & n.3 (5th Cir. 2005) (per curiam) (referring to venue under § 1252(b)(2) as a "non-jurisdictional venue issue" and citing, with approval, *Nwaokolo* on this point); *Bonhometre v. Gonzales*, 414 F.3d 442, 446 n.5 (3d Cir. 2005) (citing, with approval, *Nwaokolo* on this point).