FILED
United States Court of Appeals
Tenth Circuit

July 1, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YANG YOU LEE, a/k/a Tou Xiong Lee,

       Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

       Respondent.

No. 14-9573
(Petition for Review)

---

**ORDER TRANSFERRING PETITION FOR REVIEW**

---

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Mr. Yang You Lee is a native and citizen of Thailand. He derived refugee status through his Laotian parents and was admitted to the United States as a lawful permanent resident in 1987 at age five. In 2014, an immigration judge (IJ) found him removable for committing a crime of violence (a misdemeanor domestic assault) and denied his application for cancellation of removal. The Board of Immigration

---

[*]   In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent in this action.

Appeals (BIA) agreed with the IJ and dismissed his appeal. Mr. Lee then filed a petition for review in the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit summarily transferred the petition to this court sua sponte.

We asked the parties to address venue under 8 U.S.C. § 1252(b)(2), which provides: "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." The parties have provided their views, and having considered them, we now transfer the petition back to the Fifth Circuit based on our conclusion that § 1252(b)(2) is a non-jurisdictional venue provision, that venue is proper in the Fifth Circuit, and that the interests of justice will be best served if the Fifth Circuit adjudicates Mr. Lee's petition.

## I.    PROCEDURAL BACKGROUND

During his removal proceedings, Mr. Lee was detained in Oklahoma, which is within the Tenth Circuit. Several hearings were conducted via video conference with an IJ located in an Immigration Court in Dallas, Texas, which is within the Fifth Circuit. Mr. Lee was physically present in Oklahoma for those hearings. Mr. Lee's penultimate hearing involved a video conference between the IJ in Dallas and Mr. Lee in Tulsa, Oklahoma. At the conclusion of that hearing, the IJ instructed Mr. Lee that he would be transported to Dallas for the final hearing, stating that the address of the Dallas Immigration Court would appear at the top of the hearing notice he would be receiving. The notice of the final hearing did in fact set forth the

address of the Dallas Immigration Court at the top but in the body specified an Oklahoma City address as the location of the final hearing.

Mr. Lee physically appeared before the IJ in the Dallas Immigration Court for the final hearing, as did the government's attorney. There were no witnesses, and no telephone or video conferencing was used. The IJ issued his final order of removal from the Dallas Immigration Court. In the BIA's order dismissing Mr. Lee's appeal, the BIA noted Oklahoma City next to Mr. Lee's file number, apparently indicating the BIA's view that the final hearing was located there. As noted, Mr. Lee filed his petition for review in the Fifth Circuit, which transferred the petition to our circuit sua sponte and without explanation.

## II.    DISCUSSION

### A.  § 1252(b)(2) is a non-jurisdictional venue provision

Before we can determine whether venue is proper in the Tenth Circuit, we must first determine whether 8 U.S.C. § 1252(b)(2) affects our subject matter jurisdiction (and thus requires us to transfer the petition) or is an ordinary venue provision. We have not answered that question. *See Salgado-Toribio v. Holder*, 713 F.3d 1267, 1272 n.2 (10th Cir. 2013). A number of our sister circuits, however, have analyzed and decided that issue, concluding that § 1252(b)(2) is a non-jurisdictional venue provision. *See Thiam v. Holder*, 677 F.3d 299, 301-02 (6th Cir. 2012); *Sorcia v. Holder*, 643 F.3d 117, 121 (4th Cir. 2011); *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1284-85 (11th Cir. 2009) (per curiam); *Khouzam v. Att'y*

*Gen.*, 549 F.3d 235, 249 (3d Cir. 2008); *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 258-62 (2d Cir. 2006); *Jama v. Gonzales*, 431 F.3d 230, 233 & n.3 (5th Cir. 2005) (per curiam); *Georcely v. Ashcroft*, 375 F.3d 45, 49 (1st Cir. 2004); *Nwaokolo v. INS*, 314 F.3d 303, 306 n.2 (7th Cir. 2002) (per curiam).[1] These courts have invoked a number of bases for their conclusions, including that (1) the plain language of the statute refers only to venue, not jurisdiction; (2) the statute was part of the REAL ID Act of 2005, which elsewhere carefully detailed and defined jurisdiction and judicial review in the immigration context; (3) § 1252(b)(2)'s phrase "appropriate court of appeals" is broad enough to permit a circuit court to adjudicate a petition filed in the wrong venue; and (4) § 1252(b)(2) is titled "Venue and forms," and thus contains no hint that it concerns jurisdiction. *See, e.g.*, *Moreno-Bravo*, 463 F.3d at 258-62 (relying on all of these rationales).[2]

---

[1]    Although the discussion in *Nwaokolo* is arguably dicta (the court held that a prior judicial-venue provision applied, *see* 314 F.3d at 305-06), the Seventh Circuit undoubtedly views § 1252(b)(2) as a venue-only provision. *See, e.g.*, *Cordova-Soto v. Holder*, 732 F.3d 789, 792 (7th Cir. 2013) (relying in part on *Nwaokolo* in explaining that § 1252(b)(2) "is not a jurisdictional statute"), *cert. denied*, 135 S. Ct. 85 (2014).

[2]    The Eighth Circuit has stated that, "[p]ursuant to 8 U.S.C. § 1252(b)(1–2), . . . review of . . . deportation determinations is available only if notice of appeal is filed within thirty days of the issuance of the final order of removal in 'the court of appeals for the judicial circuit in which the administrative proceedings were completed,' in this case the Ninth Circuit." *Park v. Heston*, 245 F.3d 665, 666 (8th Cir. 2001). To the extent this statement could be construed as a holding that § 1252(b)(2) implicates jurisdiction, we reject it because it lacks any sort of analysis or rationale and is contrary to the weight of authority from other circuits, all of which

(continued)

- 4 -

We find the reasoning of our sister circuits persuasive and therefore join in the consensus that § 1252(b)(2) is a non-jurisdictional venue provision. This holding requires us to consider whether venue is proper in the Fifth Circuit and, if it is, whether we should exercise jurisdiction over Mr. Lee's petition anyway.

## B. Venue is proper in the Fifth Circuit

When interpreting a statute, we start with its plain language. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). Section § 1252(b)(2) states: "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." This ties judicial venue to the IJ's location when he or she completes removal proceedings, which in this case appears to be in the Fifth Circuit because the IJ held the final hearing in Dallas, Texas; Mr. Lee and the government's representative physically appeared in Dallas for the final hearing; and the IJ issued his final order from the Dallas Immigration Court.

But the Attorney General argues that venue is proper in the Tenth Circuit because the final hearing location was docketed in Oklahoma City, Oklahoma. In support, she directs our attention to a memorandum issued by the Office of the Chief Immigration Judge (OCIJ) within the Executive Office for Immigration Review (EOIR). In relevant part, it states that an IJ sitting via telephone or video conference must identify, on the record, "the specific hearing location where he or she is

expressly analyzed the issue. *See, e.g.*, *Nwaokolo*, 314 F.3d at 306 n.2 (rejecting *Park* for lack of analysis).

conducting the hearing (i.e., **the location where the case is docketed for hearing**).”

Interim Operating Policies and Procedures Memorandum No. 04-06: Hearings

Conducted through Telephone and Video Conference (Aug 18, 2004) at 2, *available*

*at* http://www.justice.gov/eoir/oppm-log, then follow link for No. 04-06 (last visited

June 8, 2015).  The memorandum further states that the hearing location (i.e., where

the case was docketed for the hearing) does not change just because an IJ appears via

video conference from a different location.  *Id.*  It also provides that “the circuit law

that is to be applied to proceedings conducted via telephone or video conference is

the law governing the hearing location.”  *Id.*

In addition to the internal memorandum, the Attorney General points us to a

regulation, 8 C.F.R. § 1003.20(a)(4)), that the EOIR proposed in 2007 but never

promulgated, which provides:

> For purposes of judicial review of a final order of removal, as provided
> in section 242(b)(2) of the [Immigration and Nationality] Act, [8 U.S.C.
> § 1252(b)(2),] the immigration judge is deemed to complete the
> proceedings at the final hearing location, without regard to whether the
> immigration judge, or any party, representative, witness or other person
> participates in the final hearing through telephone or video conference.
> For purposes of this provision, the final hearing location refers to the
> place of the hearing identified on the notice for the final hearing.

72 Fed. Reg. 14494-01, 14497 (Mar. 28, 2007).

In essence, the Attorney General asks us to defer to these agency

pronouncements and conclude that venue under § 1252(b)(2) is proper in the Tenth

Circuit because the final hearing was docketed within its geographical boundaries.

We decline to do so.

We first conclude that the internal memorandum is not applicable to this case. It addresses venue and applicable circuit law when a hearing is held by telephone or video conference, but Mr. Lee's final hearing did not employ any form of remote conferencing—Mr. Lee, the government's representative, and the IJ were physically present in Dallas for the final hearing.

The proposed judicial-venue regulation presents a question of deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).  *See Tax & Accounting Software Corp. v. United States*, 301 F.3d 1254, 1260-61 & n.5 (10th Cir. 2002) (considering *Skidmore* deference to proposed regulations under *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)).[3]  Under *Skidmore*, a proposed regulation is "entitled to respect" if it has the "power to persuade."  *Skidmore*, 323 U.S. at 140.  The deference we owe to an agency interpretation depends on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade."  *Id.*

In the factual context of this case, we do not consider the proposed regulation concerning judicial venue under § 1252(b)(2) persuasive.  That regulation was part of

---

[3]     We do not consider the greater deference owed under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984), because proposed regulations do not have the force of law.  *See Christensen*, 529 U.S. at 587 (distinguishing agency adjudications and notice-and-comment rulemaking, which have the force of law and are therefore entitled to *Chevron* deference if they are reasonable interpretations of an ambiguous statute, from "opinion letters[], . . . policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law" and therefore "do not warrant *Chevron*-style deference").

proposed changes to the rule governing proper venue for IJs.  Here, it appears that IJ venue began and remained in Dallas.  Under existing regulations, which, unlike the proposed regulations, have the power of law, "[v]enue . . . lie[s] at the Immigration Court where jurisdiction vests pursuant to [8 C.F.R.] § 1003.14."  8 C.F.R. § 1003.20.  In turn, § 1003.14(a) provides that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the [Department of Homeland Security (DHS)]."  In the Notice to Appear, which is the charging document, the DHS ordered Mr. Lee to appear before an IJ at the Dallas Immigration Court at a date and time to be set.  Accordingly, IJ venue lay in Dallas.

The proposed IJ-venue regulations are not to the contrary.  According to the supplemental information accompanying them, the regulations were proposed because of the increased use of remote conferencing, and they were intended to "make[] clear that the use of telephone or video conferencing or the use of administrative control courts for maintaining records does not alter or affect the designated hearing location where the hearing itself takes place."  72 Fed. Reg. at 14494.[4]  Under the proposed regulations, IJ venue initially "lies at the designated

---

[4]    "An administrative control Immigration Court is one that creates and maintains Records of Proceedings for Immigration Courts within an assigned geographical area."  8 C.F.R. § 1003.11.  The Dallas Immigration Court is the administrative control court for Oklahoma Immigration Courts.  *See* EOIR Immigration Court Listing, available at http://www.justice.gov/eoir/immigration-court-administrative-

(continued)

- 8 -

place for the hearing as identified by the [DHS] on the charging document" (here, Dallas) and remains there "unless an immigration judge has granted a motion for change of venue" or the OCIJ administratively transfers "proceedings from one hearing location to another hearing location in the same vicinity."  *Id.* at 14497 (proposed regulation 8 C.F.R. § 1003.20(a)(1)-(2)); *see also id.* at 14495 (explaining that, where an administrative control court is involved, the DHS should state the initial hearing location in a Notice to Appear as the place where the alien is detained).[5]

No existing regulation interprets § 1252(b)(2), the judicial-venue provision. The proposed regulation (8 C.F.R. § 1003.20(a)(4)) attempts to do so, pegging judicial venue to the hearing location specified in the notice of the final hearing.  But if we give that regulation deference, the result would be a change in venue for judicial purposes simply because the final hearing notice listed Oklahoma City as the hearing location.  For several reasons, it would be anomalous to do so.  First, IJ venue originated in Dallas and, even under the proposed regulations governing IJ venue, remained there up until at least the final hearing.  Second, the final hearing

---

control-list#Dallas (last visited June 8, 2015) (listing Dallas Immigration Court as the administrative control court for Oklahoma).

[5]    In our view, the, IJ's directive that Mr. Lee appear for the final hearing in Dallas was not a change of venue, sua sponte or otherwise.  *See* 8 C.F.R. § 1003.20(b) (stating that an IJ can "change venue only upon motion by one of the parties"); 72 Fed. Reg. at 14495 (stating in supplementary information that IJ cannot change venue sua sponte except for clerical transfers).

was actually held in Dallas, where the IJ directed Mr. Lee to physically appear. Third, the IJ, Mr. Lee, and the government's representative were physically present in Dallas for the final hearing—no remote conferencing was used. And fourth, the IJ issued his final order from the Dallas Immigration Court. In short, the proposed judicial-venue regulation simply does not evidence the sort of "thorough[] . . . consideration," *Skidmore*, 323 U.S. at 140, necessary to afford *Skidmore* deference to it in the specific factual scenario we confront in this case. We therefore decline to give it deference and instead conclude that the IJ "completed the proceedings" in Dallas, Texas. Venue under § 1252(b)(2) is therefore proper in the Fifth Circuit.

## C. Transfer to the Fifth Circuit is warranted

Federal circuit courts have inherent power to transfer a case over which they have jurisdiction but lack venue. *See, e.g.*, *Sorcia*, 643 F.3d at 122; *Alexander v. Comm'r*, 825 F.2d 499, 501 (D.C. Cir. 1987) (per curiam). A number of courts have concluded that 28 U.S.C. § 1631, which permits a transfer "in the interest of justice" when jurisdiction is lacking, can provide guidance in assessing whether to transfer an immigration case from a court that has jurisdiction but lacks venue to another court that has jurisdiction and also has proper venue. *See Cordova-Soto v. Holder*, 732 F.3d 789, 792 (7th Cir. 2013), *cert. denied*, 135 S. Ct. 85 (2014); *Thiam*, 677 F.3d at 302; *Sorcia*, 643 F.3d at 122-24; *Moreno-Bravo*, 463 F.3d at 262-63. These courts have considered the reasonableness of an alien's confusion about the

- 10 -

proper venue and whether transfer will delay resolution, inconvenience the parties, or waste judicial resources because the petition is wholly without merit.

Although transfer will delay the resolution of this matter, the Fifth Circuit is the proper venue. Mr. Lee filed his petition there (hence, he was not confused about proper venue), his attorney is located in Dallas, the government litigates immigration cases nationwide, and the petition does not appear to be wholly meritless. Importantly, Mr. Lee's argument on the central issue in his case turns on Fifth Circuit law. The BIA did not address Mr. Lee's reliance on Fifth Circuit authority, instead citing to Sixth and Seventh Circuit authorities, which arguably have less to do with the merits of this case than the Fifth Circuit law he chiefly relies on or even the Tenth Circuit law Mr. Lee alternatively relies on in his merits brief. *See Ballesteros v. Ashcroft*, 452 F.3d 1153, 1157 (10th Cir. 2006) (rejecting argument that Ninth Circuit law should apply rather than law of Tenth Circuit, where IJ sat, noting that "removability and relief issues [should be analyzed] using only the decisions of the circuit in which [an IJ] sits" (internal quotation marks omitted)), *adhered to in relevant part on reh'g*, 482 F.3d 1205 (10th Cir. 2007). Given that the Fifth Circuit is the proper venue, we think the Fifth Circuit should be the court to field Mr. Lee's arguments regarding the application of its precedent to the issues in this case. For all of these reasons, we conclude that the interests of justice warrant transferring the petition for review back to the Fifth Circuit.

**III. CONCLUSION**

The petition for review is transferred to the United States Court of Appeals for the Fifth Circuit.