**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDEL IGNACIO BIBIANO, AKA Bibi Bibiano, | No. 12-71735 |
| *Petitioner*, | |
| | Agency No. A070-818-237 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2015
Pasadena, California

Filed August 19, 2016

Before: Harry Pregerson, A. Wallace Tashima,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Pregerson;
Concurrence by Judge Callahan

# SUMMARY[*]

## Immigration

The panel remanded petitioner Bibi Bibiano's case to the Board of Immigration Appeals to revisit the merits of her reasonable fear of persecution should she be returned to Mexico, and denied the government's motion to transfer the case to the Eleventh Circuit.

Resolving an open question, the panel held that the venue provision in 8 U.S.C. § 1252(b)(2) is not jurisdictional. The panel also held that this court has subject matter jurisdiction over Bibiano's claim although venue is proper in the Eleventh Circuit, where her reinstated removal order became final. The panel held that in such a situation, federal circuit courts have inherent transfer authority and need not rely on 28 U.S.C. § 1631 for statutory authority.

The panel held that given the unique circumstances it was in the interests of justice to keep the case in this court rather than transfer it to the Eleventh Circuit.

Judge Callahan concurred fully with the majority that § 1252(b)(2)'s venue provision is not jurisdictional and that this court has subject matter jurisdiction, and she also concurred with the decision to remand to the BIA. Judge Callahan wrote separately to emphasize her concern that the decision should not be read to encourage forum shopping.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Victoria Dorfman (argued) and Lauren Pardee, Jones Day, New York, New York; Keren Zwick and Claudia Valenzuela, National Immigrant Justice Center, Chicago, Illinois; for Petitioner.

Brendan P. Hogan (argued); Cindy S. Ferrier, Assistant Director; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PREGERSON, Circuit Judge:

Petitioner Bibi Bibiano is a Mexican citizen and transgender woman. Because she did not conform to gender norms in Mexico, she was continually abused, beaten, and harassed. After one tormentor threatened to kill her, she fled to California and applied for asylum in 1994. Her application was not approved, however, and Bibiano was placed in removal proceedings. When she did not appear for her scheduled hearing in Los Angeles, an immigration judge ("IJ") issued an in absentia removal order against her. Fifteen years later, Bibiano was apprehended in South Carolina and removed under the Ninth Circuit in absentia removal order. After returning to the U.S. unlawfully, Bibiano was apprehended and a reinstated removal order, based on her previous in absentia removal order, was filed against her in North Carolina. Her request for withholding of removal was denied by an IJ in Georgia who found that she did not have a reasonable fear of future persecution or torture if returned to Mexico. The Board of Immigration Appeals ("BIA") upheld

the IJ's ruling, and Bibiano petitioned for review with this court.

We do not decide the merits of Bibiano's case.[1] Rather, the issue at hand is jurisdictional—whether Bibano's petition properly falls under the Ninth Circuit's judicial authority. Federal circuit courts have subject matter jurisdiction over final orders of removal, 8 U.S.C. § 1252(a)(1), with venue proper for such review in the circuit where "the immigration judge completed the proceedings," 8 U.S.C. § 1252(b)(2). Bibiano's in absentia removal order was issued by an IJ in the Ninth Circuit, but venue is ultimately proper in the Eleventh Circuit where the IJ completed proceedings that finalized Bibiano's reinstated removal order. The government asks us to transfer Bibiano's case to the Eleventh Circuit pursuant to the transfer statute, 28 U.S.C. § 1631.

We have yet to decide whether the venue provision in § 1252(b)(2) is jurisdictional, i.e., whether improper venue strips us of subject matter jurisdiction, requiring dismissal or transfer of the case. We join the noncontroversial holding—shared by the nine other circuits which have addressed this issue in detail—that § 1252(b)(2)'s venue provision is not jurisdictional. As a result, we have subject matter jurisdiction over Bibiano's claim even if venue is not proper here. Because of the unique circumstances of this case

---

[1] Regardless of which circuit ultimately exercises authority over Bibiano's case, the government has conceded that remand to the BIA is necessary. The government requests the BIA issue a more detailed decision on Bibiano's claim of a pattern or practice of persecution in Mexico in light of country conditions evidence. The government also asks the BIA to reassess its analysis of Bibiano's CAT claim, including her claim that it is more likely than not that authorities would acquiesce to her torture.

discussed below, we keep Bibiano's petition in the Ninth Circuit in the interests of justice. We remand to the BIA for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Bibi Bibiano is a Mexican citizen and transgender woman. Because of her sexual orientation and gender identity, Bibiano did not conform to gender norms in Mexico. As a result, Bibiano was harassed, beaten, and sexually assaulted. After one persistent tormentor threatened to kill her in 1994, Bibiano fled to California and sought asylum. An asylum officer denied her application and referred her to an IJ for removal proceedings. Bibiano moved to North Carolina but did not notify the court of her change of address and failed to receive notice of her subsequent immigration hearing. Because she did not appear for her hearing in Los Angeles, an IJ issued an in absentia removal order against her in 1995.

Years later, in 2009, while living in South Carolina, Bibiano was arrested for driving without a license and placed in the custody of immigration officers. She was removed to Mexico under her 1995 in absentia removal order. Two months later, she illegally re-entered the U.S., and in June 2011, following a traffic stop, Bibiano was again placed in immigration custody. On June 16, 2011, officials from the Department of Homeland Security ("DHS") in Hendersonville, North Carolina filed a Notice of Intent to reinstate the 1995 removal order. *See* 8 U.S.C. § 1231(a)(5).

While in custody in Georgia, Bibiano stated that she did not want to return to Mexico for fear of persecution on account of her sexual orientation and gender identity, and an

immigration officer conducted a reasonable fear assessment.**[2]**
*See* 8 C.F.R. §§ 208.31, 241.8. The officer concluded that
Bibiano "established a reasonable fear of persecution in
Mexico" and referred Bibiano's case to an IJ in Atlanta. On
October 14, 2011, Bibiano applied for withholding of
removal and CAT protection based on her sexual orientation
and gender identity. She appeared pro se before an IJ in
multiple hearings during November 2011. On November 30,
2011, the IJ denied Bibiano's applications for relief.

On appeal, the BIA upheld the IJ's denial of relief under
Eleventh Circuit law. Bibiano filed her petition for review of
the BIA's decision with the Ninth Circuit where her in
absentia removal order originated.

## II. DISCUSSION

Federal circuit courts have subject matter jurisdiction over
"final order[s] of removal." 8 U.S.C. § 1252(a)(1). Section
1252(b)(2), titled "Venue and forms," further states that
"[w]ith respect to review of an order of removal . . . [t]he
petition for review shall be filed with the court of appeals for
the judicial circuit in which the immigration judge completed

---

**[2]** Withholding of removal and relief under CAT may be available at the
reinstatement stage. If an immigrant "expresses a fear of returning to the
country designated in that order," he or she must be "immediately referred
to an asylum officer for an interview to determine whether the alien has
a reasonable fear of persecution or torture . . . ." 8 C.F.R. § 241.8(e); *see,
e.g.*, *Andrade-Garcia v. Lynch*, 820 F.3d 1076, 1078 (9th Cir. 2016),
*amended by* 2016 WL 3924013 (Jul. 7, 2016). If the asylum officer finds
the fear to be reasonable, the officer refers the case to an IJ for full
consideration of the request for relief. 8 C.F.R. § 208.31(e). Such was
Bibiano's case.

the proceedings."**³** 8 U.S.C. § 1252(b), (b)(2). Bibiano argues that, because an IJ completed proceedings leading to an in absentia removal order in the Ninth Circuit, venue and therefore jurisdiction lie with this circuit. The government argues that jurisdiction lies with the Eleventh Circuit, where an IJ completed reasonable fear proceedings that finalized the reinstated removal order; as such, Bibiano's case should be transferred to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, titled "Transfer to cure want of jurisdiction."

To determine our authority over this matter, we first address the threshold question of whether lack of venue under § 1252(b)(2) would strip this court of subject matter jurisdiction—it does not.**⁴** We then ask if the Ninth Circuit was the proper venue for filing the petition—it was not. Finally, even though venue is not proper here, because we have subject matter jurisdiction, we ask if the interests of

---

**³** Before passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, applicants could file petitions for review in the judicial circuit of their residence or in "the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted in whole or in part." *See* 8 U.S.C. § 1105a(a)(2) (repealed 1996).

**⁴** Courts should generally decide, as a threshold matter, whether they have subject matter jurisdiction before moving on to other, non-merits threshold issues. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Courts may avoid a difficult jurisdictional issue, however, by deciding some other, non-merits threshold issue. *See, e.g.*, *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 n.2 (9th Cir. 2010) (avoiding the issue of "whether 8 U.S.C. § 1252(b)(2) is purely a venue statute or whether it also affects our subject matter jurisdiction" by transferring the case under 28 U.S.C. § 1631); *see also* 2-12 Moore's Federal Practice - Civil § 12.30 (Matthew Bender 3d Ed. 2015). Because the jurisdictional issue in this case is not a difficult one, we abide by our obligation and address it here.

justice counsel transfer—they do not. We deal with each issue (subject matter jurisdiction, venue, and transfer) in turn.

A. *Section 1252(b)(2) is a non-jurisdictional venue statute*

Whether a venue defect under § 1252(b)(2) deprives us of subject matter jurisdiction is a question at once open and consequential.[5] *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013) (en banc), *aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015) (internal quotations, alterations, and citation omitted) (noting that subject matter jurisdiction involves our "power to hear a case" and that "[t]he consequences of labeling a particular statutory requirement jurisdictional are drastic."). Our case law, unfortunately, sheds little light on this question. In two instances, this court allowed lack of proper venue under 8 U.S.C. § 1252(b)(2) to meet the lack of jurisdiction requirement for the purposes of transfer under 28 U.S.C. § 1631.[6] *See Trejo-Mejia*, 593 F.3d at 915 (noting that "we

---

[5] If § 1252(b)(2) contemplates subject matter jurisdiction, then this court would be compelled, in the face of an objection to such jurisdiction, to dismiss the case, *see Arbaugh*, 546 U.S. at 514, or transfer it pursuant to 28 U.S.C. § 1631, *see, e.g.*, *Trejo-Mejia*, 593 F.3d at 915. If § 1252(b)(2) is a non-jurisdictional statute, however, objections to improper venue may be waived if not timely filed, *see, e.g.*, *Georcely v. Ashcroft*, 375 F.3d 45, 49 (1st Cir. 2004), and courts would have the authority to hear a case over which they have subject matter jurisdiction but no venue, *see, e.g.*, *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006).

[6] "A case is transferable [pursuant to § 1631] when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Trejo-Mejia*, 593 F.3d at 915 (quoting *Garcia de Rincon v. Dep't of Homeland*

lack jurisdiction for purposes of the transfer statute because venue does not lie") (citing *Rodriguez-Roman v. INS*, 98 F.3d 416, 424 (9th Cir. 1996) ("[F]or purposes of the transfer statute, a court lacks jurisdiction if venue does not lie.")).

In this context, the use of "jurisdiction" is misleading. We have explicitly declined to address the question of whether subject matter jurisdiction is implicated when improper venue is equated with lack of jurisdiction for transfer purposes.[7] *Trejo-Mejia*, 593 F.3d at 915 n.2 (declining to address this issue where none of the underlying immigration proceedings took place in the Ninth Circuit). In *Rodriguez-Roman*, our subject matter jurisdiction over the petition was without

---

*Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008) (internal quotation marks omitted)).

[7] The Ninth Circuit's approach in *Trejo-Mejia* and *Rodriguez-Roman* has been criticized given the central distinction between subject matter jurisdiction—whether a dispute may be heard—and venue—which court should hear it. *See* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3842 (4th ed. 2013) ("[V]enue is simply not a jurisdictional concept . . . ."). The criticism is perhaps misplaced. Our use of jurisdiction in this context (not to be confused with subject matter jurisdiction) is meant to be capacious. The progenitor case furthering this interpretation, *Rodriguez-Roman*, relied on *Dornbusch v. C.I.R*, 860 F.2d 611, 612 (5th Cir. 1988) (per curiam), which held that Congress may have intended jurisdiction to be used in a "broad, general, nontechnical sense" which impliedly includes improper venue. This elaboration bears no relation, however, to the narrowly and properly construed subject matter jurisdiction. Regardless, the Supreme Court, as well as this court, has strived to minimize confused use of the term. *See Union Pacific R.R. v. Brotherhood of Locomotive Engineers*, 558 U.S. 67, 81 (2009) ("Recognizing that the word jurisdiction has been used by courts, including this Court, to convey many, too many, meanings, we have cautioned, in recent decisions, against profligate use of the term." (internal quotation and citation omitted)); *see also Wong*, 732 F.3d at 1036.

question; we assumed that the Eleventh Circuit (where venue was improper) had original jurisdiction, a necessary assumption to deem the petition transferred to our court.[8] 98 F.3d at 424 (citing *Dornbusch*, 860 F.2d at 615 and describing the *Dornbusch* holding as "[W]here a court *has jurisdiction* but lacks venue, it may transfer a case to a court of appeals of proper venue under the federal transfer statute or its inherent authority." (emphasis added)). The use of jurisdiction for the purpose of transfer does not provide any purchase for answering whether § 1252(b)(2) contemplates subject matter jurisdiction.

Even so, the well-reasoned and clear consensus among our sister circuits affirms that § 1252(b)(2) is a non-jurisdictional venue statute. *See Yang You Lee v. Lynch*, 791 F.3d 1261, 1263–64 (10th Cir. 2015); *Thiam v. Holder*, 677 F.3d 299, 301–02 (6th Cir. 2012); *Sorcia*, 643 F.3d at 121 (4th Cir. 2011); *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1284–85 (11th Cir. 2009) (per curiam); *Khouzam v. Att'y Gen.*, 549 F.3d 235, 249 (3d Cir. 2008); *Moreno-Bravo v.*

---

[8] In *Rodriguez-Roman*, the petitioner incorrectly submitted a petition for review in the wrong circuit court (the Eleventh Circuit); by the time a clerk returned the petition and the petitioner was able to file in the proper venue (the Ninth Circuit), his petition was untimely. 98 F.3d at 421. This court deemed the late-filed petition timely "transferred" to the Ninth Circuit based on the date of the attempted filing in the wrong circuit court. 98 F.3d at 424. In order to hold that the Eleventh Circuit met the lack of jurisdiction requirement in the transfer statute, the court assumed that the Eleventh Circuit had jurisdiction over the petitioner's case, but held that "a court lacks jurisdiction where venue does not lie" for the purposes of the transfer statute. *Id*; *see also Sorcia v. Holder*, 643 F.3d 117, 122 (4th Cir. 2011) (describing the *Rodriguez-Roman* venue analysis). If the Eleventh Circuit had lacked jurisdiction over the case, the transfer statute would facially apply; there would have been no need to equate venue with jurisdiction.

*Gonzales*, 463 F.3d at 258–62 (2d Cir. 2006); *Jama v. Gonzales*, 431 F.3d 230, 233 n.3 (5th Cir. 2005) (per curiam); *Georcely*, 375 F.3d at 49 (1st Cir. 2004); *Nwaokolo v. INS*, 314 F.3d 303, 306 n.2 (7th Cir. 2002) (per curiam); *but see Yang You Lee*, 791 F.3d at 1263 n.2 (rejecting the potentially contrary holding in *Hyun Min Park v. Heston*, 245 F.3d 665, 666 (8th Cir. 2001) for lack of analysis).

The reasons for this consensus are uncontroversial. *See Sorcia*, 643 F.3d at 121; *see generally*, *Moreno-Bravo*, 463 F.3d at 258–62. Section 1252(b)(2) is titled "Venue and forms," suggesting that subject matter jurisdiction is not contemplated by the provision. While the title of a statute cannot trump the statute's plain meaning, *INS v. St. Cyr*, 533 U.S. 289, 308–09 (2001), the statute itself explicitly avoids such terms as "judicial review" or "jurisdiction," terms that appear elsewhere in abundance and clearly delineated in the REAL ID Act. *Moreno-Bravo*, 463 F.3d at 259. Moreover, the REAL ID Act's amendments to § 1252 focused explicitly on issues of jurisdiction, but did not alter the venue provision in the process. *Wong*, 732 F.3d at 1036 (noting that, in light of a statute's language and context, unless "Congress has 'clearly state[d]' that the rule is jurisdictional[,] . . . 'courts should treat the restriction as nonjurisdictional in character.'" (quoting *Arbaugh*, 546 U.S. at 515–16)); *Moreno-Bravo*, 463 F.3d at 259 (concluding that "it should be plain beyond any doubt that § 1252(b)(2) . . . does not concern jurisdiction").

We join our sister circuits in holding that the § 1252(b)(2) venue provision is non-jurisdictional. Consequently, we must decide whether venue is proper in the Ninth Circuit and, if not, whether we should exert authority over Bibiano's petition regardless.

B. *Venue is proper in the Eleventh Circuit*

Bibiano argues that the underlying in absentia removal order, not the reinstated removal order, is the only relevant order for the venue analysis. She argues, primarily, that reinstated removal orders are not relevant to the venue analysis. They do not meet the § 1252(b)(2) requirements because such orders are issued by agency officials and not by an IJ. *See* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8. She further contends that the reasonable fear proceedings which render reinstated removal orders final are also irrelevant; an IJ in this context does not technically complete proceedings leading to a final removal order, but rather removes the impediment to enforcement of the reinstated order. *Galindo-Romero v. Holder*, 640 F.3d 873, 878 (9th Cir. 2011). Thus, according to Bibiano, the in absentia removal order is the only final order of removal issued after proceedings are completed by an IJ and should therefore control for venue purposes.

This argument is unavailing. Although reinstatement orders are not per se orders of removal, we have jurisdiction to review them as final orders of removal under 8 U.S.C. § 1252(a)(1). *Andrade-Garcia*, 820 F.3d at 1080. In the context of reasonable fear proceedings, as here, a reinstated removal order becomes final (and thus appealable) once those proceedings are completed by an IJ. 8 C.F.R. § 208.31; *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012). The reinstated order, moreover, generally forecloses review of the original order. *See* 8 U.S.C. § 1231(a)(5); *see also, e.g.*, *Garcia de Rincon*, 539 F.3d at 1137. This foreclosure suggests that appellate review should relate to the substance of the ruling, which occurs under the law where the IJ sits, at least for venue purposes. The salient forum for venue analysis in a multi-jurisdictional case such as this is the circuit where

the IJ completes proceedings rendering the reinstated removal order final.

Here, the underlying removal order is not at issue. Rather, the substance of the immigration proceedings that underlie this appeal occurred in the Eleventh Circuit. There, an IJ completed reasonable fear proceedings, which finalized the reinstated removal order for purposes of appellate review. The Eleventh Circuit, not the Ninth Circuit was the correct venue for Bibiano's petition under § 1252(b)(2).

C. *The interests of justice favor keeping the petition in this court*

As discussed above, the venue provision in 8 U.S.C. § 1252(b)(2) does not remove our subject matter jurisdiction over final orders of removal; thus, that the Eleventh Circuit is the proper venue does not defeat our jurisdiction over this case. In a matter such as this, where a court has subject matter jurisdiction but venue is not proper, federal circuit courts have inherent transfer authority and need not rely on 28 U.S.C. § 1631. *See Dornbusch*, 860 F.2d at 615; *see also, e.g.*, *Sorcia*, 643 F.3d at 122; *Moreno-Bravo*, 463 F.3d at 263; *cf. Trejo-Mejia*, 593 F.3d at 915 & n.2 (relying on § 1631 for statutory authority to transfer where existence of subject matter jurisdiction was not decided). In turn, we need not rely on § 1631 for statutory authority to transfer this case.[9]

---

[9] This holding does not, however, undermine this court's ability to rely on § 1631 to avoid inequitable results due, for example, to errant filing outside of the Ninth Circuit if it is in the interests of justice to do so. *See e.g.*, *Rodriguez-Roman*, 98 F.3d 416, 424.

Although we may transfer the case under our inherent authority and not the transfer statute, in either case, our analysis is the same—deciding whether it is in the "interests of justice" to do so. *See Yang You Lee*, 791 F.3d at 1266 (collecting cases adopting the interests of justice analysis for transfer under federal courts' inherent authority). When analyzing whether a transfer will be in the interests of justice, courts generally consider the reasonableness of the immigrant's confusion as to proper venue, as well as issues of delay, inconvenience to the parties, and waste of judicial resources. *See id.* Given the unique circumstances of this case, we hold that transfer is not in the interests of justice.

Here, the government acknowledges that Bibiano's confusion over venue "may have understandably been caused by legitimate confusion as to the proper forum for review." Indeed, the case spans multiple decision-makers and three jurisdictions, one of which was the Ninth Circuit where Bibiano originally filed for asylum.[10] *See e.g.*, *Sorcia*, 643 F.3d at 123; *cf. Trejo-Mejia*, 593 F.3d at 914 (ordering a transfer where none of the proceedings occurred in the Ninth Circuit). In addition, the case at bar has been pending in our court for more than a year and has already been fully briefed under Ninth Circuit law. Transfer would not be more convenient "by having the parties brief their arguments afresh using a different circuit's precedent." *Thiam*, 677 F.3d at 302. Moreover, maintaining jurisdiction would not change the

---

[10] Given the understandable confusion and Bibiano's good-faith filing, concerns about gamesmanship and forum shopping do not apply in this case, as the government acknowledges. Nor should these concerns apply in subsequent cases; this opinion clears any confusion as to venue in the context of reinstated removal orders finalized by reasonable fear proceedings.

convenience equation for either party—Bibiano does not live within the Ninth Circuit's jurisdiction, but she does not live within in the Eleventh Circuit's jurisdiction either, and the government hears cases across the nation. We see no reason why transferring this case would be more or less convenient for the parties.

Perhaps most importantly, transferring the case would waste judicial resources and cause unnecessary delay. Regardless of which circuit has jurisdiction, the government asks that the case be remanded to the BIA to reconsider the merits of Bibiano's case; transferring the case now to the Eleventh Circuit would needlessly prolong this process. Rather than require additional judicial attention and delay to address this matter, we can and do exercise our authority over the case and order it remanded to the BIA for reconsideration of Bibiano's reasonable fear determination. *See e.g.*, *Thiam*, 677 F.3d at 303.

## III.    CONCLUSION

We have subject matter jurisdiction over final orders of removal. 8 U.S.C. § 1252(a)(1). It has been an open question in this circuit whether a venue defect under 8 U.S.C. § 1252(b)(2)—which specifies that proper venue exists in the circuit where an IJ completed proceedings—deprives us of this authority. We hold that § 1252(b)(2) is a non-jurisdictional venue provision. As such, even though venue is not proper in the Ninth Circuit, Bibiano's case falls under the jurisdiction of the Ninth Circuit. As the interests of justice do not counsel transfer, we **DENY** the government's motion to transfer this matter to the Eleventh Circuit. We grant the request to **REMAND** this matter to the BIA to revisit the merits of Bibiano's reasonable fear of persecution should she

be returned to Mexico. Our remand is not intended to foreclose the BIA from considering any further issues which the parties may properly raise. We also leave it to the BIA to decide, in the first instance, which circuit's law governs this case on remand.

**REMANDED.**

---

CALLAHAN, Circuit Judge, concurring:

I concur fully with the majority that 8 U.S.C. § 1252(b)(2)'s venue provision is not jurisdictional and that we have subject matter jurisdiction over Bibiano's claim even though venue is not proper here. I also concur fully with the majority's decision to remand to the BIA and that our remand does not foreclose the BIA from considering any further issues which the parties may properly raise including which circuit's law governs this case on remand.

Although I favored transferring the case to the Eleventh Circuit, I accept the remand to the BIA because the government conceded that remand to the BIA was appropriate. I write separately to emphasize my concern that this decision should not be read to encourage forum shopping. Rather, such petitions for review may only be filed, as we held, in "the circuit where the IJ completes proceedings rendering the reinstated removal order final." Opinion 12–13.