**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALBA MENDOZA CARDENAS, | No. 12-72982 |
| Petitioner, | Agency No. A087-264-469 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2016
Submission Vacated June 8, 2016
Resubmitted October 12, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and KORMAN,[**]
District Judge.

Rosabela Mendoza Ortiz ("Mendoza"), née Rosabela Mendoza Cardenas,

petitions for review of the decision of an Immigration Judge ("IJ") ordering her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

removed. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny Mendoza's petition,[1] and the government's motion to transfer venue.

**1.** The IJ's 2012 determination that Mendoza did not have a reasonable fear of persecution or torture if removed to Mexico is supported by substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829 (9th Cir. 2016). The IJ acknowledged that the asylum officer found Mendoza credible, accepted that Mendoza had a genuine subjective fear, and credited as true Mendoza's testimony regarding Mario Antonio Montes de Oca's abuse and threats, Nevertheless, the IJ concluded (and Mendoza concedes, )that Montes de Oca's abuse of Mendoza occurred in the United States, not Mexico. Because abuse constitutes past persecution only if it occurred in the "proposed country of removal," *Gonzalez-Medina v. Holder*, 641 F.3d 333, 337 (9th Cir. 2011), the IJ concluded that the abuse Mendoza suffered did not qualify as past persecution. Thus, Montes de Oca's abuse did not give rise to a rebuttable presumption that Mendoza had a well-founded fear of future persecution. *See Agbuya v. I.N.S.*, 219 F.3d 962, 966 (9th Cir. 2000); 8 C.F.R. § 1208.16(b)(1).

---

[1]In a separately filed memorandum disposition, we grant Mendoza's petition to reopen the underlying removal proceedings and reverse and remand the Board of Immigration Appeals's dismissal of her appeal challenging the IJ's denial of the motion to reopen. In light of our disposition, we stay the order of deportation pending resolution of the proceedings in case No. 13-71180.

Substantial evidence also supports the IJ's conclusion that Mendoza failed to show that her fear of future persecution, though genuine, was objectively reasonable. *See* 8 C.F.R. § 1208.31(c). Mendoza had not had personal contact with Montes de Oca since 1998. Montes de Oca had made no attempt to see Mendoza since 1998, despite having contact information for Mendoza's family members. Moreover, both Montes de Oca and Mendoza remarried. Though Mendoza had heard from her brother that Montes de Oca told other residents of Pihuamo that he would kill her if he saw her, the IJ reasonably concluded that a single, third-hand threat from a town three days' drive from Mendoza's location did not establish the "reasonable possibility" of harm warranting eligibility for relief under 8 C.F.R. §§ 208.31(c) & 1208.31(c).

2.      We deny the government's motion to transfer venue to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. While the government is correct that venue was proper in the Tenth Circuit and improper in the Ninth Circuit when Mendoza filed her petition, transfer would not "serve[ ] the interest of justice." *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010). Mendoza's petition has been pending in this Circuit for almost four years, the parties completed briefing based on Ninth Circuit authority, and there is no indication that Mendoza acted in bad faith in filing the petition in Nevada. She

was arrested in Nevada; it was only later that she was transferred to the Salt Lake City detention center, where both the asylum officer and the IJ heard her claim.

**Petition for review DENIED.**