NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALINDER SINGH, | No. 21-57 |
| Petitioner, | Agency No. A201-740-758 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2023**
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Salinder Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the

Immigration Judge's (IJ) order denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture (CAT). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      We deny the government's request to transfer the petition to the Fifth Circuit. We need not decide whether proper venue lies here or in the Fifth Circuit, *see Matter of Garcia*, 28 I. & N. Dec. 693, 698–705 (BIA 2023) (interpreting where venue arises), because we decline to transfer the matter in the interests of justice, *see Bibiano v. Lynch*, 834 F.3d 966, 974 (9th Cir. 2016) (outlining factors to consider when "deciding whether it is in the 'interests of justice'" to transfer venue). First, this case has been pending before the Ninth Circuit for two years, so a transfer would just further delay the matter. Second, the parties have expended significant time and expense in filing materials and briefing the issues before this court. Third, at the time of the petition, there was confusion surrounding venue; we had not definitively ruled on the issue. Finally, the result of the petition would be the same under either circuit's case law; thus, a transfer to the Fifth Circuit would be a waste of judicial resources. Accordingly, under our inherent authority, we exercise our authority over the petition.

2.      Substantial evidence supports the denial of asylum and withholding of removal based on the IJ's adverse credibility determination. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). The BIA affirmed the IJ's adverse credibility finding, highlighting the inconsistencies in Singh's testimony with regard to Chaudhary Jagjit Singh and the alleged January 10 incident. Singh was confronted with the inconsistencies, and Singh's explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021)

2

(explaining that an IJ not compelled to accept explanations for discrepancies). Singh's assertion that his testimony was consistent except for a few minor inconsistencies does not *compel* a different conclusion. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances."). Furthermore, even if we were to accept Singh's characterization that the inconsistencies were minor, those findings still support an adverse credibility claim. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Accordingly, in the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Substantial evidence supports the denial of CAT relief. *See Sharma*, 9 F.4th at 1066. First, Singh's claim that he would more likely than not be tortured in India is based on the same discredited testimony. *See Shrestha*, 590 F.3d at 1048–49. Second, Singh cites to general country condition evidence to support his claim, but he does not point to any "highly probative or potentially dispositive evidence" that the BIA failed to consider. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Generalized evidence of crime and violence, by itself, does not compel the conclusion that Singh will more likely than not be tortured if he is removed to India. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Accordingly, Singh's CAT claim fails.

4.     Singh did not exhaust his claims of ineffective assistance of counsel, IJ bias, or competency before the BIA.  Thus, we will not address them.  *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023) (explaining that "§ 1252(d)(1)'s exhaustion requirement . . . is subject to waiver and forfeiture").  Additionally, Singh argued for the first time in his reply brief that the Notice to Appear was defective.  Even if this issue were properly raised, *see Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003), it lacks merit, *see B.R. v. Garland*, 26 F.4th 827, 840 (9th Cir. 2022); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

5.     The BIA did not abuse its discretion in denying Singh's motion to remand,[1] because the information in the Psychological Evaluation and Affidavit from his psychiatrist could have been provided during the merits hearing.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010); *Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015).  Nor did the BIA violate Singh's due process rights by failing to remand to the IJ in light of the report.  The record does not demonstrate that Singh lacked competency when he appeared before the IJ.  *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 477, 479–80 (BIA 2011) (noting that "an alien is presumed to be competent to participate in removal proceedings" and outlining "[i]ndicia of incompetency . . . such as the inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction").

---

[1] The BIA interpreted the submission of the psychological evaluation as a motion to remand.

**PETITION FOR REVIEW DENIED.**