**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS RUVALCABA-MAGALLON, | No. 23-1784 |
| Petitioner, | Agency No. A076-841-977 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Jose Luis Ruvalcaba-Magallon, a citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (BIA) order dismissing his appeal of an

Immigration Judge's (IJ) denial of his claim for cancellation of removal based on

hardship to qualifying family members. We have jurisdiction under 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252(a). We deny the petition.

Because the BIA did not adopt the IJ's order and instead conducted its own review, we review the BIA decision. *Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015) (en banc). We review questions of law de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review the hardship determination for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

1. Before turning to the merits of Ruvalcaba-Magallon's petition, we conclude that venue is properly in this circuit. A "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). The proceedings occurred over videoconference while the IJ was in Salt Lake City, Utah, and Ruvalcaba-Magallon was in Boise, Idaho. The three hearing notices sent to Ruvalcaba-Magallon listed the location of the hearing as Boise. During the hearing, the IJ expressly stated—and government counsel agreed—that the hearing was being held in the Ninth Circuit.

Moreover, the venue provision is not jurisdictional. *Bibiano v. Lynch*, 834 F.3d 966, 969 (9th Cir. 2016). Even if the proceedings were completed in Salt Lake City, the government's request to transfer this case to the Tenth Circuit is not in the interests of justice, as the government itself concedes. *See id.* at 974 (factors

relevant to venue transfer include reasonableness of petitioner's confusion as to proper venue, delay, inconvenience to the parties, and waste of judicial resources). Ruvalcaba-Magallon's confusion as to proper venue was reasonable, and it would be a waste of the parties' and this court's resources to transfer this case, which is ripe for decision. The government does not allege any inconvenience if the venue for this appeal remains in our circuit.

2. Turning to the merits, Ruvalcaba-Magallon argues that the BIA failed to consider the future circumstances of his family members when it concluded he had not shown that they would experience exceptional and extremely unusual hardship.

The BIA considered the potential financial burden Ruvalcaba-Magallon's removal would have on his mother. In doing so, the BIA noted that economic detriment was generally insufficient to support a finding of exceptional and unusual hardship and that, in this case, it may be mitigated by his mother's potential alternative sources of support. *Cf. Gonzalez-Juarez*, 137 F.4th at 1006 (suggesting that hardship may be established if elderly parent is *solely* reliant on petitioner's support). The BIA also considered future effects on Ruvalcaba-Magallon's son. The BIA noted that the son's learning or developmental delays have resolved, he was attending regular classes, the condition was expected to improve during his teenage years, and if Ruvalcaba-Magallon is removed, his son would remain in the United States where he is eligible for Medicaid. *Cf. id.*

(indicating relevance of whether qualifying family member would be deprived of ongoing supportive healthcare or educational environment if petitioner were deported).

Ruvalcaba-Magallon's removal and the resulting loss of support to his family is undoubtedly saddening and difficult. But the BIA did not err in finding that Ruvalcaba-Magallon did not meet the high statutory bar to establish harm that is "out of the ordinary and exceedingly uncommon" or "deviate[s], in the extreme, from the norm" that results when a non-citizen is removed. *See id.* The BIA's decision was therefore supported by substantial evidence.[1]

The motion for a stay of removal is denied. The temporary stay of removal will remain in place until the mandate issues. We also deny Ruvalcaba-Magallon's motion to hold this petition in abeyance while his motion to reopen is pending with the BIA.

**PETITION DENIED.**

---

[1] Because the BIA's decision did not turn on Ruvalcaba-Magallon's failure to provide biometrics, we need not address that issue.