**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OSITA OJIAKO NNADOZIE,

    Petitioner,

v.

JEFFREY ROSEN, Acting United States
Attorney General,[*]

    Respondent.

No. 19-9582
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Petitioner Nnadozie Osita Ojiako[1] seeks review of the Board of Immigration

Appeals' (BIA's) summary affirmance of the Immigration Judge's (IJ's) decision

_____

[*] On December 24, 2020, Jeffrey Rosen became Acting Attorney General of the United States. Consequently, his name has been substituted for William P. Barr as Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Petitioner gave his name as Nnadozie Osita Ojiako at several hearings during the removal proceedings. *See* A.R. at 54 ("My name is Nnadozie Osita Ojiako"); *id.* at 78 ("My full name is Nnadozie Osita Ojiako"); *id.* at 101 ("My full name is

denying his request for a continuance and entering a final order of removal. Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), we dismiss the petition in part and deny the petition in part.

## BACKGROUND

Nnadozie, a Nigerian national, entered the United States in January of 2016 on a nonimmigrant student visa. After completing his program of study, he overstayed his visa. Nnadozie was detained at a border patrol checkpoint in January of 2019, and the Department of Homeland Security (DHS) initiated removal proceedings. Nnadozie, held at a detention center in Tulsa, Oklahoma, first appeared for a removal hearing before an immigration judge in Dallas, Texas, on February 14, 2019. This and all subsequent hearings were conducted remotely.

The IJ conducted five hearings in Nnadozie's case from February 14 to April 23, 2019, during which span he granted four requests for continuance. At the first hearing, Nnadozie stated he was married to a United States citizen. When asked whether he was represented by an attorney, Nnadozie said that he had spoken to an attorney who he thought was going to appear at the hearing. The IJ indicated no attorney had filed an entry of appearance and granted Nnadozie a continuance for a month to give him the opportunity to retain counsel. Attorney Patrick Chukwu, who represented Nnadozie at a bond hearing before the same IJ, was present at the second

Nnadozie Osita Ojiako. My last name is actually Ojiako."). Despite this, he was referred to as "Mr. Nnadozie" in the transcripts and captions of the agency proceedings. Solely for the sake of clarity, we will continue to refer to Petitioner as "Nnadozie" in this opinion.

hearing. The IJ prohibited him from speaking on Nnadozie's behalf, however, because Chuckwu's entry of appearance form covered only the bond hearing, not the removal proceedings. Nnadozie therefore proceeded pro se at the second and subsequent hearings.

At the second hearing, Nnadozie claimed that his U.S.-citizen wife had filed a form I-130 visa petition for an immediate relative on his behalf and that it was being processed by the United States Citizenship and Immigration Service (USCIS). Counsel for DHS could confirm, via an electronic database, that USCIS had denied an I-485 petition to adjust status that Nnadozie had submitted, but counsel could not look up the status of the I-130 petition without a receipt number. The IJ noted that it would be unusual for USCIS to adjudicate an I-485 petition without acting on the I-130 petition. Without objection from DHS, the IJ granted Nnadozie a second continuance, for one week, "to present evidence to the Court that the I-130 Petition has been approved." A.R. at 97.

At the third hearing, Nnadozie did not produce evidence that the I-130 petition had been approved, but counsel for the DHS was able to confirm that the petition had been filed and was pending before the USCIS. The IJ granted a third continuance, but he instructed Nnadozie that "this is not an indefinite continuance" and that "at the next hearing, if the I-130 petition has not been adjudicated or you have not presented any evidence that there's been any movement on the I-130 petition, I will proceed with your case." A.R. at 112.

3

At the fourth hearing a month later, Nnadozie did not present any evidence regarding the status of the I-130 petition. He stated his wife had talked to USCIS by phone and had also submitted a request to have the petition expedited, which USCIS had said it would do. Nnadozie presented no documentation to support his assertion, however, and his wife was not available to testify. Nnadozie did have a receipt number which he claimed USCIS gave his wife when she asked for written documentation of her request to expedite the I-130 petition. However, the receipt number did not match that of any documents associated with Nnadozie that DHS counsel could access via the electronic database at the hearing.

The IJ granted Nnadozie a fourth continuance, for one week, so his wife could come to the next hearing and testify regarding the status of the I-130 petition. The IJ cautioned Nnadozie: "[L]et me make this clear to you, sir. Your wife must be present on April 23rd, 2019 at 9:30 at the Dallas Immigration Court. No excuses because she's not feeling well, because she has to work, none of those excuses. Your wife must be present." A.R. at 128. The IJ cautioned further that "if she's not present to provide information to the Court and bring any additional documents that she would like then I will proceed with your case." *Id.*

At the fifth and final hearing, Nnadozie's wife was not present to provide information to the court. Nnadozie offered a letter in which his wife stated she could not travel from Houston to Dallas to attend the hearing due to financial circumstances, but that USCIS was expediting the I-130 petition. The letter did not include any support for the latter assertion, and DHS counsel stated at the hearing

4

that the electronic database showed no change in the petition's status. Nnadozie stated his wife had received an email from USCIS the day before that confirmed her request to expedite, but that he did not have access to a printer or a fax machine at the detention center to make a copy of the email and would have to wait several days to receive a copy in the mail from his wife. He asked for a short continuance to have time to produce the email.

The IJ denied the request for a continuance, concluding Nnadozie had failed to show good cause. The IJ stated Nnadozie could file a motion to reopen or reconsider if he received proof that his I-130 was being expedited. Finding there was no further basis to withhold removal or continue the proceedings, the IJ ordered Nnadozie removed to Nigeria. Nnadozie appealed to the BIA, which affirmed the decision of the IJ without opinion. Nnadozie then timely filed this petition for review, and we granted him a stay of removal pending its disposition.[2]

---

[2] In all hearings, Nnadozie appeared via videoconferencing from a detention center in Tulsa, Oklahoma while the IJ was located in Dallas, Texas. We recognize that at least a colorable argument could be made challenging venue in this court under these circumstances. *See* 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). But we previously have held that this venue provision is not jurisdictional. *See Yang You Lee v. Lynch*, 791 F.3d 1261, 1263–64 (10th Cir. 2015) ("We find the reasoning of our sister circuits persuasive and therefore join in the consensus that § 1252(b)(2) is a non-jurisdictional venue provision."). And the government has affirmatively declared that "venue is proper" in this court, Resp. Br. at 3, thereby waiving any argument to the contrary. Thus, we proceed on the assumption that venue is proper here.

## DISCUSSION

Because his order was affirmed by the BIA without opinion, we review the IJ's findings and conclusions as the final agency determination. *Tulengkey v. Gonzales*, 425 F.3d 1277, 1279 (10th Cir. 2005). We review the IJ's denial of a continuance for abuse of discretion, granting the petition "[o]nly if the decision was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) (internal quotation marks and alteration omitted). Subject to exceptions not applicable here, we lack jurisdiction to consider arguments that were not first exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1282 (10th Cir. 2020). "[A]n alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). "It is not enough . . . to make 'general statements in the notice of appeal to the BIA' or to level 'broad assertions' in a filing before the Board." *Id.* (quoting *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1018 (10th Cir. 2007)).

Nnadozie raises two arguments in his petition for review. He first asserts the IJ abused his discretion in denying Nnadozie's fifth motion for a continuance because the IJ did not consider all relevant factors and impermissibly rested on case-completion goals set forth in a 2018 memorandum from the Executive Office for Immigration Review (EOIR). Second, he argues he was deprived of due process because he did not have access to adequate resources to aid his defense at the

6

detention center in Tulsa and was not meaningfully heard on his defenses to removal when his motion for continuance was denied.[3]

We reject the first argument. As the party seeking a continuance, Nnadozie bore the burden of showing good cause. *See In re L- A- B- R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). When weighing a request for continuance so that an alien may seek collateral relief, "[t]he probability that a respondent's collateral proceeding will succeed and materially affect the outcome of the respondent's removal proceedings should . . . be the most important consideration in the good-cause analysis." *Id.* at 415. The Attorney General has also provided guidance regarding the relationship between an alien's evidentiary burden and the factors an IJ must weigh when considering a request for continuance:

> To assess the speculativeness of a respondent's collateral matter, an immigration judge will generally need an evidentiary submission by the respondent, which should include copies of relevant submissions in the collateral proceeding, supporting affidavits, and the like. . . . Absent such evidence, the respondent generally will not carry his burden of showing that a collateral matter is actually likely to bear on the outcome of the removal proceedings.

---

[3] It is somewhat unclear from Nnadozie's petition whether his constitutional claim relates to his requests for continuance so that he could seek an adjustment of status or to other forms of relief from removal. *Compare* Pet. at 9 ("When the Immigration Judge refused Nnadozie's continuance request on April 23, 2019, he immediately proceeded to find Nnadozie ineligible for any form of relief and ordered him removed without a meaningful opportunity for Nnadozie to present an argument against removal."), *with id.* at 23 (asserting Nnadozie did not have "a meaningful opportunity for a hearing for the immigration relief for which he was prima facie eligible [because he did not have] a meaningful opportunity to have his immigrant petition approved by the Department.").

7

*Id.* at 418. Here, Nnadozie did not make an evidentiary submission sufficient for the IJ to assess the speculativeness of his collateral matter (his wife's pursuit of an I-130 visa on his behalf). Nor did Nnadozie provide the evidence the IJ requested concerning the progress of his collateral matter so as to justify a further continuance. Nnadozie failed to present the necessary evidence even after the IJ gave clear notice of the form such evidence could take (live testimony from Nnadozie's wife). Nnadozie therefore did not carry his burden of showing that his collateral matter was actually likely to bear on the outcome of the removal proceedings. "[T]here is no agency or court precedent for requiring an IJ to grant an indefinite continuance so that a petitioner may remain in this country while awaiting eligibility for adjustment of status." *Luevano v. Holder*, 660 F.3d 1207, 1215 (10th Cir. 2011). We therefore conclude the IJ provided a rational explanation for his decision and acted consistently with agency policy when he concluded Nnadozie had not carried his burden of showing entitlement to a continuance. Under these circumstances, there is no basis to conclude the IJ abused his discretion, and we deny the petition in connection with that issue.[4]

As to the second argument, we lack jurisdiction to consider it because it was not exhausted before the BIA. While Nnadozie's (counseled) submissions to the BIA made reference to his conditions of confinement, limited resources, and financial

---

[4] Nnadozie did not argue before the BIA that the IJ was improperly influenced by the case-completion goals in the 2018 EOIR memorandum. That claim is therefore unexhausted and unreviewable. *See* 8 U.S.C. § 1252(d)(1).

circumstance, they did so only in the context of his argument that the IJ abused his discretion when applying the *L- A- B- R-* factors to his request for a fifth continuance. "[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). Because he did not raise the same specific legal theory before the BIA that he now seeks to raise in his petition for review, the claim is unexhausted. *Garcia-Carbajal*, 625 F.3d at 1237.

## CONCLUSION

For the foregoing reasons, we dismiss the petition to the extent it raises unexhausted due process claims. In all other respects, we deny the petition.

Entered for the Court


Jerome A. Holmes
Circuit Judge

9